E. C. BELL *v.* J. A. BLAIR.

DEED OF TRUST.  *Whether conveying notes and vendor's lien by implication.*

A deed of trust executed by the holder of notes for the purchase money of land and conveying the land on which the notes are a vendor's lien, does not operate to transfer such notes, if there be no mention of or reference to them therein.

APPEAL from the Chancery Court of Lee County.

HON. BAXTER McFARLAND, Chancellor.

E. C. Bell recovered a judgment against one J. A. Cole, but the same was not enrolled. Thereafter Cole conveyed a certain tract of his land to a third party, taking notes for the purchase-money. After this sale, Cole executed to Bell a deed

of trust on this land to secure a stay of execution, Bell not knowing of its previous sale. Totten & Co., creditors of Cole, then demanded their money, and he transferred to them the notes taken for the purchase-money of the land. Thereupon Totten & Co. filed a bill to enforce their vendor's lien on the land, acquired by virtue of these notes. The prayer was granted, the lien enforced, the land was sold and J. A. Blair became the purchaser. Bell, after selling the land by virtue of his trust deed and buying the same in, exhibited this bill against Blair, asking that the title of the latter be cancelled. The bill was, on final hearing, dismissed.

The complainant, Bell, appealed.

*Houston & Barr*, for the appellant.

The deed of trust estops J. A. Cole from afterwards asserting any vendor's lien or other claim on said land that existed at the time he gave his warranty deed of trust. If he could, why he would be authorized by law to perpetrate the grossest kind of fraud upon his vendee, and even defeat his own warranty deed. The law is just the reverse; all his right, title and interest of every kind inures to the benefit of his vendee, Bell, and he can do nothing subsequently that would tend to defeat his warranty.

Washburn on Real Prop., 3 Vol. Miss., p. 660; *Morgan* v. *Hazlehurst Lodge*, 53 Miss., 676, 677; Jones on Mortgages, Section 211; *Thompson* v. *Dawson*, 3 Head (Tenn.), 384.

Under Revised Code, 1880, of Miss., a deed to the land operates to convey every interest or estate the vendor has. Section 1199.

A vendor's lien is nothing more than a mortgage, and is so treated by all the law writers on the subject; and it is the law of the States that if a mortgagee convey the land while he controls the debt secured by the mortgage, this operates to convey or transfer the debt itself.

Washburn on Real Prop., 2 vols., Miss., p. 519, sec. 11; 520, sec. 13; *Ellison* v. *Daniels*, 11 N. H., 274; *Parrish* v. *Gilmanton*, 11 N. H., 293; *Welsh* v. *Phillips*, 54 Ala., 309.

Vendor's lien a mortgage. See Jones on Mortgages, Sec. 229; Washburn on Real Prop., 2 vol., (m. p.) 504, Sec. 7, *et seq.*

This was exactly the case or state of facts in the present suit. Cole's notes against Pitts were long past due, and it seems that Cole still held the notes, and had not delivered them up to Pitts at the time he made the deed of trust to Bell. And it certainly does not lay in the power of J. A. Cole himself to go into court and enforce a lien in his own name on these notes against said land, and have it sold to enable him to pay another creditor of his. If the conveyance to Bell did not operate to convey, by way of equitable assignment, these notes, it certainly operated to relinquish any lien J. A. Cole had on said land for the purchase-money notes.

Jones on Mortgages, vol. 1, sec. 232; Washburn on Real Prop., 2 vol., (m. p.) 507, sec. 16.

A vendor's lien is an *interest* or *estate* in the land itself.

Hence, it is conveyed by the deed of trust to E. C. Bell, by the statute, *supra*, § 1199.

No counsel for the appellee in this court.

CAMPBELL, J., delivered the opinion of the Court.

The single question in this case is, whether a deed of trust executed by the holder of notes for the purchase money of land, and conveying the land on which the notes are a lien of the sort known as the vendor's lien, transfers the notes without any mention of or reference to them, by the mere force of the conveyance of the land, and we answer this in the negative.

*Affirmed.*